UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES DAVIS**, | CIVIL ACTION |
| Plaintiff, | No. 05-3865 |
| v. | |
| **SUPT. JAMES T. WYNDER**, et al., | |
| Defendants. | |

MEMORANDUM/ORDER

August 21, 2007

Petitioner James Davis filed a *pro se* Petition for Writ of Habeas Corpus, *see* Docket No. 1, and I referred the case to United States Magistrate Judge Peter B. Scuderi for a report and recommendation (R & R). *See* Docket No. 7; *see also* 28 U.S.C. § 636(b)(1)(B); E.D. Pa. Local R. Civ. P. 72.1(I)(b).[1]

---

[1] Davis was sentenced to life imprisonment after a conviction for first-degree murder in a Pennsylvania court in 1981. *See* R & R. This is not Davis's first federal habeas petition. *See id.* at 1–5 (setting forth procedural history in detail). The Court of Appeals, on July 8, 2005, granted Davis's request to file a second or successive petition, stating that Davis had "made a *prima facie* showing that applying [the] AEDPA's gatekeeping procedures for a second or successive petition would be unduly retroactive as to him because he may be able to establish cause and prejudice for his failure to assert previously his claim of a violation of *Brady*." *In re James Davis*, No. 05-2787 (3d Cir. June 16, 2005). The Court of Appeals also stated: "The District Court will determine de novo all issues, including timeliness, exhaustion, procedural default, and cause and prejudice." *Id.*

Judge Scuderi recommends that Davis's petition be dismissed for the alternative reasons that (a) it is untimely under the AEDPA[2] and (b) it is an abuse of the writ. *See* R & R 12 (Docket No. 14). Davis has filed timely objections, *see* Docket No. 16, and I therefore review the objected-to portions of the R & R de novo. 28 U.S.C. § 636(1)(b). Having reviewed the R & R, petitioner's objections, the Commonwealth's response to petitioner's objections, *see* Docket No. 17, and petitioner's reply, *see* Docket No. 18, I agree with Judge Scuderi that the petition should be dismissed as untimely under the AEDPA or, in the alternative, as an abuse of the writ.[3] Therefore, after setting forth Davis's objections and my reasons for concluding that they are without merit, I will approve and adopt the R & R.

Davis's objections do not challenge the R & R's conclusion that his petition was filed outside of the AEDPA's one-year time limitation. *See* R & R 6–8; 28 U.S.C. § 2244(d). Rather, Davis argues that the R & R erred in determining that he was not entitled to have the AEDPA time limitation equitably tolled. *See* Petr.'s Objs. ¶ 2, 4, 29;

---

[2] Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214.

[3] As discussed in the text, *infra*, Davis's rationale for challenging the R & R's recommendation that his petition be dismissed as an abuse of the writ is the same as the rationale he relies on in challenging the recommendation that his petition be dismissed as untimely under the AEDPA—in both respects, he argues that he has made a credible showing of actual innocence. In the text, *infra*, I consider and reject Davis's argument in the context of the AEDPA-timeliness issue. Because the same analysis applies, there is no need to engage in a separate discussion of the same argument as applied to the abuse-of-the-writ issue. Rather, the petitioner's objection on the abuse-of-the-writ issue is overruled for the same reasons stated in the text, *infra*, in overruling the objection on the AEDPA-timeliness issue.

*cf.* R & R 10.

The R & R found equitable tolling inapplicable because Davis had not met any of the three alternative conditions identified by the Third Circuit as sufficient to justify such relief: "(1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum." R & R 8–9 (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)); *accord Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). In his objections, Davis does not attempt to fit his claim into one of these three categories, but claims instead that he is entitled to equitable tolling of the AEDPA time limitation on the basis of a showing of actual innocence, i.e., a showing that, in the light of "new facts," "it is more likely than not that no reasonable juror or fact-finder would have found the Petitioner guilty beyond a reasonable doubt." Petr.'s Objs. ¶ 11–12.[4]  It is not clear under the law of the Third Circuit whether a credible claim of actual innocence, standing alone, can provide a "gateway" to bypass the AEDPA's time limitation.[5]  However, assuming *arguendo* that equitable tolling would be

---

[4] Davis closely paraphrases the standard stated in *Schlup v. Delo*, 513 U.S. 298 (1995) for establishing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327 (defining requirements for avoiding AEDPA procedural bar on successive habeas petitions via "gateway" claim of actual innocence).

[5] *Schlup* established that actual innocence can provide a basis for avoiding the AEDPA's procedural bar on successive habeas petitions. *See supra* note 4. The Third Circuit has not decided if this rule should also apply to the procedural bar arising from the AEDPA's time limitation provisions. *See Horning v. Lavan*, 197 Fed. App'x 90, 93 (3d Cir. 2006) (stating that the Third Circuit "ha[s] yet to hold that the AEDPA statute of

applied upon a credible showing of actual innocence, Davis's objection lacks merit because Davis has come forward with no evidence that he is actually innocent. *See* R & R 9 ("Petitioner makes only a bald assertion of innocence, unsupported by any new evidence.").

Davis bases his claim of actual innocence on his assertion that certain forensic testing records exist, and that those records would demonstrate that another man committed the crime for which Davis is incarcerated. Davis further claims that the Commonwealth unconstitutionally withheld these test results from him, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). It is true that this allegation is of the type that, if substantiated, would present a strong case for equitable relief—notwithstanding the many years separating Davis's conviction from his current petition. However, in this case, Davis has not substantiated his allegation. Aside from pure speculation, Davis provides no reason to believe that the forensic tests he describes were even performed—let alone that the results of the purported tests are as Davis describes them.[6]

---

limitations can be equitably tolled on the basis of actual innocence" and noting that the question was "expressly reserved" in *United States v. Davies*, 394 F.3d 182, 191 n.8 (3d Cir. 2005)).

[6] A nonprecedential opinion recently issued by a Tenth Circuit panel aptly describes the shortcomings of a similar argument made to that court. *See O'Boyle v. Ortiz*, No. 06-1214, 2007 WL 2083743, at *2 (10th Cir. July 23, 2007) ("[The petitioner] confuses theoretical innocence with actual innocence. Most of his 'new' evidence is really speculation about what might be shown if certain tests were performed on physical evidence in the case. Such speculation is insufficient to meet the . . . burden to produce new evidence from which we could conclude it is more likely than not that no reasonable juror would have convicted him." (internal quotation marks omitted) (citing *Schlup*); *cf. Arthur v. Allen*, 459 F.3d 1310, 1310–11 (11th Cir. 2006) (per curiam) (stating, in

The Third Circuit "ha[s] cautioned . . . that courts should be sparing in . . . applying equitable tolling," doing so "only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal quotation marks omitted); *cf. Satterfield*, 434 F.3d at 195 ("Equitable tolling is available only when the principle of equity would make the rigid application of a limitation period unfair." (internal quotation marks omitted)).  Because Davis's claim of actual innocence is based on his own speculation as to what evidence might have existed, and he has provided no objective reasons supportive of the contention that this evidence actually does exist, Davis cannot establish entitlement to equitable tolling.  His petition therefore must be dismissed as untimely under 28 U.S.C. § 2244(d).

Accordingly, upon consideration of petitioner James Davis's petition for a writ of habeas corpus, the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, petitioner's objections thereto, and the Commonwealth's response, and for the reasons stated in the Report and Recommendation and in the discussion above, it is hereby **ORDERED** that:

1. The petitioner's objections are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus is **DISMISSED** as untimely;

---

analogous factual context, that a request for discovery in habeas proceedings must include "specific allegations" providing "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief" (internal quotation marks omitted)).

-6-

4. There is no probable cause to issue a certificate of appealability; and

5. The Clerk of the Court shall mark this case closed for statistical purposes.

        BY THE COURT:

        /s/ Louis H. Pollak

        _____
        Pollak, J.